IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CHARLETTA THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Case No. 2:23-cv-2595 |
| | ) |
| **BAPTIST HEALTH SCIENCES UNIVERSITY,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Charletta Thomas (hereinafter "Plaintiff"), by and through her attorney, for her Complaint against Baptist Health Sciences University states the following:

### NATURE OF THE CASE

1. The claims in this lawsuit arise under the the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 et seq., (hereinafter ADEA) and under the Tennessee Human Rights Act, T.C.A. 4-21-101 et seq., (hereinafter THRA) alleging age discrimination against Plaintiff in hiring and/or retaliation for filing a charge of age discrimination with the Equal Employment Opportunity Commission (hereinafter the EEOC) and the Tennessee Human Rights Commission (hereinafter THRC).

### JURISDICTION AND VENUE

2. Federal question jurisdiction arises over the subject matter of this Complaint pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq.; and 28 U.S.C. 1331. The Court has pendent jurisdiction over the state law claim pursuant to 28 U.S.C. 1367.

3. Pursuant to 28 U.S.C. 1391, venue lies in the Western District of Tennessee in that Plaintiff resides in Shelby County, Tennessee, and the Defendant is operating within this district as well; and

all of the events complained of herein occurred in this district.

## PARTIES

4. The Plaintiff Charletta Thomas at the time of the age discrimination in hiring alleged in this Complaint was over the age of forty and, therefore, protected from age discrimination in employment, including in hiring, under both the ADEA and the THRA.

5. The Defendant Baptist Health Sciences University is a Tennessee corporation doing business in Memphis, Shelby County, Tennessee.

6. At all times giving rise to the claims alleged in this Complaint, the Defendant was an employer under both the ADEA and the THRA.

## FACTS

7. In November 2021 the Plaintiff applied for the position of Academic Success Coach with the Defendant and was interviewed twice for the position.

8. The second interview the Plaintiff had for the position was with a panel and one of the panel members asked her what year she graduated from high school.

9. The Plaintiff avers the only reason for asking her what year she graduated from high school is to learn her age, which at the time was fifty..

10. On December 3, 2021, the Plaintiff received an email informing her that another candidate was selected for the Academic Success Coach position instead of her.

11. The Plaintiff was not given any reason for her non-selection for the Academic Coach position, despite her excellent qualifications for the position and being interviewed twice.

12. The Plaintiff believes the Defendant selected a less qualified younger candidate for the position because of discrimination against her because of her age of fifty at the time.

13. The Plaintiff avers that the age discrimination against her was willful,

14. Despite not being selected for the Academic Success Coach position, the Plaintiff applied for several other positions with Defendant during 2022.

15. The first position the Plaintiff applied for in 2022 was Coordinator-Student Transition - CS Enrolment Management University on or about March 23, 2022.. Her application was acknowledged as received by Carol Farris, Manager of Human Resources and Baptist Employment Services; however, she was informed in an email: "We receivd a numbr of well-qualified applications and gave your candidacy a thorough review. Your skill set and experience would be an asset to any organization. However, after careful consideration, the position has been filled."

16. The next position the Plaintiff applied for was the position of Coach-Patient Experience with Baptist Memorial Health Care on or about May 5, 2022. Again, Baptist Employment Services acknowledged receipt of her application and told her in an email: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."

17. On our about August 27, 2022, the Plaintiff applied for the position of Assistant-Technical Laboratory - Nights - ME Path Phlebotomy Baptist Memphis with Baptist Memorial Health Care. Baptist Employment Services acknowledged receipt of her application for this position and informed her in an email: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."

18. While continuing to apply for positions with Defendant, on August 29, 2022, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC) and the Tennessee Human Rights Commission (hereinafter THRC) alleging age discrimination in her non-selection for the Academic Success Coach position in December 2021.

19. On or about September 21, 2022, the Plaintiff applied for the position of Assistant-

Technical Laboratory - TC Path General BMH Tipton with Baptist Memorial Health Care. Again, Baptist Employment Services informed her in an email: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."

20. On November 8, 2022, a mediation was held at the EEOC to explore settlement of the Plaintiff's age discrimination charge during which Carol Farris, Defendant's Manager of Human Resources and Baptist Employment Services, represented the Defendant but no settlement was reached.

21. The next month, on or about December 16, 2022, the Plaintiff applied for the position of Director-Admissions and Student Affairs. In response to this application the Plaintiff received an email from Baptist Employment Services dated at 9:37 a. m. stating: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."

22. However, on that same day at 11:30 a.m. the Plaintiff received a second email dated December 16, 2022, at 11:30 a.m. from Carol A. Farris, Manager of Human Resource and Baptist Employment Services, thanking her for her application but for the first time also stating: "Our system has identified you as "not eligible for rehire".

23. This is the first time the Plaintiff was told that she was being shown as "not eligible for rehire" in the Defendant's system, despite having applied for five other positions earlier in the year, as well as the position in December 2021, and had not been told this.

24. Notably, the only thing that had occurred since the Plaintiff had applied for the earlier positions and her application for the position in December was that the Defendant's Human Resources and Employment Services Manager Carol Farris had represented the Defendant in the

mediation held at the EEOC on November 8, 2022, to explore settlement of the Plaintiff's August 29, 2022, age discrimination charge, which is now the basis of this lawsuit, but no settlement of the charge was reached in that mediation.

25. Based on the aforesaid facts, the Plaintiff avers the Defendant's denial of consideration of the Plaintiff for hire for the position of Director-Admissions and Student Affairs on or about December 16, 2022, or hiring her for that position, was in retaliation for her prior charge of age discrimination filed with the EEOC and THRC and/or due to a continuation of Defendant's age discrimination against her when she had applied for the Academic Success Coach position in December 2021 and for the other positions earlier in 2022.

26. The Plaintiff filed her charge of age discrimination for denial of hire into to Academic Success Coach position in December 2021 with the Equal Employment Opportunity Commission (EEOC) within three hundred days of the discrimination alleging discrimination against her in violation of the ADEA.

27. A Dismissal and Notice of Rights was issued by the EEOC on the Plaintiff's discrimination charge and this complaint is being filed within ninety days of her receipt of that notice.

28. Plaintiff avers that she is entitled under the ADEA to be employed by the Defendant to fill the position she was denied in December 2021 or a position comparable in pay and benefits, or be awarded front pay until the Defendant employs her in that job or in a position that is comparable in pay and benefits or to be awarded front pay until she finds a job with another employer which is comparable in pay and benefits to that job she was denied

29. As a result of the discrimination in hiring in December 2021, the Plaintiff suffered a loss in pay and benefits, which is continuing.

30. The Plaintiff avers that because this age discrimination in December 2021 was wilful, she is also entitled to an award of liquidated damages.

31. As a result of the Defendant's retaliation against the Plaintiff for protesting age

discrimination in hiring by filing a charge of age discrimination with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission, the Plaintiff suffered not only a loss in pay and benefits, which is continuing, by being denied a position with Defendant in December 2022, but she also suffered mental distress, humiliation and embarrassment and loss of enjoyment of life, as well.

32. Plaintiff avers that she is entitled under the THRA to be employed by the Defendant to fill the position she was denied in December 2022 or a position comparable in pay and benefits, or be awarded front pay until the defendant employs her in that job or into a position comparable in pay and benefits or to be awarded front pay until she finds a job with another employer which is comparable in pay and benefits to that job she was denied

33. The Plaintiff avers she is also entitled under the THRA to be awarded all lost pay and benefits, with interest, from the date she was denied the position she applied for in December 2022 until the date she obtains comparable pay and benefits either in a position with the Defendant or with another employer, plus be awarded compensatory damages for the mental distress, humiliation and embarrassment, and loss of enjoyment of life she has suffered as a result of the unlawful retaliation and/or age discrimination.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That the Court find that Defendants discriminated against Plaintiff by not hiring her for the position of Academic Coach in December 2021 in violation of the Age Discrimination in Employment Act of 1967, as amended, because of her age;

2. That the Court order the Defendant to immediately hire the Plaintiff for the position she was denied or a comparable positions, plus pay her al lost pay and benefits, with interest, from the date she was denied hire in December 2021 to the date she is hired by the Defendant for the position she was denied or a comparable position or award her front pay until the date she is

employed in a position with another employer that is comparable in pay and benefits to the position she was denied with the Defendant;

3. That the Court also award the Plaintiff liquidated damages for the Defendant's willful violation of her rights under the Age Discrimination in Employment Act of 1967, as amended;

4. That the Court find that Defendants retaliated against the Plaintiff in violation of the Tennessee Human Rights Act by not hiring her for the position of Director-Admissions and Student Affairs in December 2022 because of her prior protest of age discrimination in hiring by filing a charge of age discrimination against the Defendant with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission in August 2022;

5. In addition, or in the alternative, that the Court find that Defendants discriminated against Plaintiff because of her age in violation of the Tennessee Human Rights Act by not hiring her for the position of Director-Admissions and Student Affairs in December 2022.

6. That the Court order the Defendant to immediately hire the Plaintiff for the position of Director-Admissions and Student Affairs tht she was denied in December 2022 or a comparable positions, plus award her all lost pay and benefits, with interest, from the date she was denied hire in December 2022 to the date she is hired for the position by the Defendant or award her front pay until the date she is employed in a position with another employer that is comparable in pay and benefits to the position she was denied hire by the Defendant;

7. That the Court award Plaintiff compensatory damages under the THRA for the mental distress, humiliation and embarrassment and the loss of enjoyment of life she suffered as a result of the retaliatory and/or discriminatory denial of hire into the position of Director-Admissions and Student Affairs in December 2022;

8. That the Court award Plaintiff reasonable attorney's fees and expenses for this action; and

9. That the Court award Plaintiff such other and further relief as may be deemed just and proper.

                                      Respectfully submitted,

                                      Working Boomer Advocate

                                      /s/ Dan M. Norwood
                                      Dan M. Norwood
                                      Remote Office on the River
                                      2055 Cedar Bluff Drive
                                      Decaturville, TN 38329
                                      Tel: (901) 834-9292

                                      Counsel for Plaintiff