IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLETTA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:23-cv-02595-SHL-tmp |
| | ) |
| BAPTIST HEALTH SCIENCES UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING
AND DISCOVERY PLAN**

      **A.**    **INTRODUCTION:**  Pursuant to Federal Rule of Civil Procedure 26(f), Charletta Thomas ("Plaintiff") and Baptist Health Sciences University ("Baptist") (collectively, the "Parties"), by and through undersigned counsel, participated in the Parties' Discovery Planning meeting, and determined the following:

      **B.**    **CLAIMS AND DEFENSES OF THE PARTIES:**

      **PLAINTIFF'S CLAIMS:**   The plaintiff makes claims under the Age Discrimination in Employment Act of 1967 and under the Tennessee Human Rights Act, alleging age discrimination in hiring and/or retaliation for filing a charge of age discrimination with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission.

      In November 2021 the Plaintiff applied for the position of Academic Success Coach with the Defendant and was interviewed twice for the position.  During a second interview the Plaintiff had for the position, one of the panel members asked her what year she graduated from high school. The Plaintiff avers the only reason for asking her what year she graduated from high school was to learn her age, which at the time was fifty.  On December 3, 2021, the Plaintiff received an email informing her that another candidate was selected for the Academic Success Coach position instead of her.  The Plaintiff was not given any reason for her non-selection for the Academic Coach position, despite her excellent qualifications for the position and being interviewed twice and she avers in her lawsuit that the Defendant selected a less qualified younger candidate for the position because of discrimination against her because of her age of fifty at the time.

      Despite not being selected for the Academic Success Coach position, the Plaintiff applied for five more positions with Defendant during 2022.  The next such position was Coordinator-

Student Transition - CS Enrolment Management University on or about March 23, 2022.  Notably, her application was acknowledged as received by Carol Farris, Manager of Human Resources and Baptist Employment Services and who informed her in an email: "We received a number of well-qualified applications and gave your candidacy a thorough review.  Your skill set and experience would be an asset to any organization.  However, after careful consideration, the position has been filled."

In response to the next three position the Plaintiff applied for Baptist Memorial Health Care acknowledged receipt of her application too and told the Plaintiff in an email: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."

On August 29, 2022, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission alleging age discrimination in her non-selection for the Academic Success Coach position in December 2021, and on November 8, 2022, a mediation was held at the EEOC to explore settlement of the Plaintiff's age discrimination charge.  Notably, Carol Farris, Defendant's Manager of Human Resources and Baptist Employment Services, represented the Defendant in that mediation but no settlement was reached.

Subsequently to the filing of the EEOC charge and filed mediation, the Plaintiff applied a sixth time for a position with Baptist Health Sciences University on December 16, 2022, this time for he position of Director-Admissions and Student Affairs, Like with all of the Plaintiff's prior applications, she received a response to this application in the form of an email from Baptist Employment Services.  This email response dated at 9:37 a. m. stated: "Your application will be reviewed by our recruiting staff, and we will contact you should we feel that your experience and qualifications meet our current needs."   However, at 11:30 a.m. that same day, the Plaintiff received a second email, notably from Carol A. Farris, the Manager of Human Resource and Baptist Employment Services who had participated in the failed mediation of the Plaintiff's pending EEOC charge on November 8, 2022, thanking her for her application but also stating: "Our system has identified you as "not eligible for rehire".

This is the first time the Plaintiff was told that she was being shown as "not eligible for rehire" in the Defendant's system, despite having applied for four other positions earlier in 2022, as well as for the position in December 2021, and had not been told this.  The only thing that had occurred since the Plaintiff had applied for the earlier positions and her application for the position in December 2022 was that the Defendant's Human Resources and Employment Services Manager Carol Farris had represented the Defendant in the mediation held at the EEOC on November 8, 2022, to explore settlement of her pending August 29, 2022, age discrimination charge, which became the basis of this lawsuit after the Notice of Right to Sue Letter was issued on the charge by the EEOC.

Based on the aforesaid facts, the Plaintiff first avers in her lawsuit that the Defendant's failure to hire her for the position of Academic Success Coach she applied for in December 2021 was due to unlawful age discrimination in employment in violation of federal law.  As a remedy for that discrimination under that law, she seeks an order directing the Defendant to employ her in

that position or a comparable position or to award her front pay. In addition, the Plaintiff seeks an award for all lost pay and benefits, with interest, plus liquidated damages, for this first act of age discrimination Defendant engaged in against her.

Secondly, the Plaintiff seeks a finding that the failure to consider or hire the Plaintiff for the position of Director-Admission and Student Affairs on December 16, 2022, was in retaliation for her prior charge of age discrimination filed with the EEOC and the THRC on August 29, 2022, and/or due to a continuation of Defendant's age discrimination against her when she had applied for the Academic Success Coach position in December 2021 and other positions in 2022, all in violation of federal and state law.

As a remedy for this second discrimination and/or retaliation that occurred at the end of 2022, the Plaintiff seeks an order directing the Defendant to employ her in the Director-Admissions and Student Affairs position or a comparable position or to award her front pay. In addition, the Plaintiff seeks an award for all lost pay and benefits, with interest, plus liquidated damages, under federal age discrimination law for that age discrimination. In addition, the Plaintiff also seeks an award of compensatory damages under the Tennessee Human Rights Act for this second discriminatory and/or retaliatory act for the mental distress, humiliation and embarrassment and loss of enjoyment of life she has suffered.

**DEFENDANT'S DEFENSES:** Defendant did not hire Plaintiff for the Academic Success Coach position for legitimate, non-discriminatory reasons; namely, Plaintiff was not the most qualified candidate for the role. Likewise, Plaintiff was marked ineligible for rehire long before she engaged in any alleged protected activity and for legitimate, non-discriminatory reasons. Defendant denies Plaintiff's allegations in their entirety and denies that Plaintiff is entitled to recover any damages from Defendant under any theory whatsoever.

**C.     JURISDICTION:** The Parties do not dispute that the Court has personal jurisdiction over Plaintiff and Defendant. Similarly, the Parties do not dispute that the Court has subject matter jurisdiction over Plaintiff's claims.

**D.     CONSENT TO MAGISTRATE JUDGE:** The Parties do not consent that all proceedings in this case may be conducted by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

**E.     INITIAL DISCLOSURES:** March 22, 2024.

**F.     MOTIONS TO JOIN PARTIES:** May 17, 2024.

**G.     MOTIONS TO AMEND PLEADINGS:** May 17, 2024.

**H.     MOTIONS TO DISMISS:** June 17, 2024.

**I.     DISCOVERY PLAN:** Discovery will be needed on all facts relevant to Plaintiff's claims and any amendments thereto, all defenses set forth by Defendant, and any damages claimed by Plaintiff. Discovery does not need to be conducted in phases or limited, other than as limited

by the restrictions set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or any Court Order. The Parties anticipate that a limited amount of discovery related to ESI may occur regarding the allegations in the Complaint, and if such discovery does occur, the Parties will attempt in good faith to create an e-discovery plan to present to the Court for review and approval.

   **J.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:** The Parties believe alternative dispute resolution may be helpful to them as they seek a resolution of the claims in this case. The Parties request the Court establish a deadline for the Parties to complete ADR.

   **K.  OTHER RELEVANT MATTERS**

   The Parties shall serve written discovery requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

   Unless otherwise ordered by the Court or not practically feasible, no motions to compel discovery may be filed after the close of discovery.

   Pursuant to agreement of the Parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of materials without waiver.

   Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

   Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

   Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

   The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

   Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

Respectfully submitted,

| | |
|---|---|
| */s/ Dan M. Norwood   (with permission)* | */s/ Paul E. Prather* |
| Dan M. Norwood | Paul E. Prather (TN Bar No. 010089) |
| Remote Office on the River | Kaitlyn A. Hansen (TN Bar No. 037021) |
| 2055 Cedar Bluff Drive | LITTLER MENDELSON, P.C. |
| Decaturville, TN  38329 | One Commerce Square |
| Tel.:  (901) 834-9292 | 40 South Main Street, Suite 2500 |
| Email:  dan@workingboomeradvocate.com | Memphis, TN 38103 |
| | Email: pprather@littler.com |
| Attorney for Plaintiff | khansen@littler.com |
| | |
| | Attorneys for Defendant Baptist Health Sciences University |

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and exact copy of the foregoing document has been filed with the Court through the Court's Electronic Case Filing System, this 13th day of March 2024, upon the following:

Dan M. Norwood  
Remote Office on the River  
2055 Cedar Bluff Drive  
Decaturville, TN  38329  
Tel.:  (901) 834-9292  
Email:  dan@workingboomeradvocate.com

                                           */s/ Paul E. Prather*